UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH

Case No. 06-80507-CIV-RYSKAMP/VITUNAC

AMY CHILDRESS,

    Plaintiff,

v.

HEALTHCARE APPRAISERS, INC.,
A Florida Corporation,

    Defendant.
_____/

**OMNIBUS ORDER PARTIALLY GRANTING
DEFENDANT'S MOTIONS TO COMPEL**

THIS CAUSE comes before the Court upon Defendant's Motion to Compel Production of Documents **[DE 14]**, filed on September 12, 2006. Plaintiff responded **[DE 19]** on October 24, 2006. Defendant replied **[DE 24]** on November 10, 2006. Defendant also filed a Motion to Compel Answers to Interrogatories Numbers 6 and 7 **[DE 18]** on October 18, 2006. Plaintiff responded **[DE 20]** on October 25, 2006. Defendant replied **[DE 25]** on November 10, 2006. Both motions are now ripe for adjudication.

**I.     Introduction**

Defendant, Healthcare Appraisers, Inc., (HAI) is is a Florida corporation engaged in providing healthcare valuation services in interstate commerce. *(*Compl. ¶¶ 7-8, 10). Plaintiff, Amy Childress, is a citizen of Hillsborough County, Florida, and began employment with HAI as a Senior Associate in October 2004. (Compl. ¶¶ 5, 9, 11). She alleges that Defendant paid her less than similarly situated male employees for equal work which required equal skill, effort, and responsibility. (Compl. ¶¶ 6, 12). She alleges that all jobs were performed under similar working conditions.

(Compl. ¶ 12). As such, Childress alleges one count of disparate wage gender discrimination under the Equal Pay Act 29 U.S.C. § 206(d). (Compl. ¶¶ 2, 13-15).

The parties are currently engaged in discovery, which must be completed by January 22, 2007. (Sched. Order **[DE 8])**. This dispute centers around Defendant's inquiries regarding employment Plaintiff has sought or secured both before and after her employment with HAI including details such as application information, employment and salary. (Interrogatory 6 and 7). Defendant has also requested that Plaintiff produce documents related to the Interrogatory requests. (Requests numbers 13, 14, and 20). Because these requests are interrelated and since the parties made common arguments in each motion, this Court addresses all of the requests together and divides the analysis between those requests for information after Plaintiff left HAI and those requests for information before Plaintiff was employed with HAI.

**II.   Discussion**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter... that is relevant to the claim or defense of any party." Further, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). When discovery appears relevant on its face, the party resisting the discovery has the burden to establish facts justifying its objections by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1); or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Scott v. Leavenworth Unified School Dist. No.* 453, 190 F.R.D. 583, 585 (D. Kan.1999).

The Court now addresses this discovery dispute in light of the standards above.

**A.     Information Regarding Plaintiff's Employment After Leaving HAI**

Defendant requested information regarding Plaintiff's employment history after her employment with HAI. Interrogatories six and seven seek information regarding Plaintiff's attempts to secure employment and acceptance of employment after leaving HAI. Pursuant to that request, Defendant sought documents that relate to any income that Plaintiff received after her employment with HAI. (Requests 13-14). Defendant also sought documents showing any benefits Plaintiffs received, other than HAI, after she left employment with HAI. (Request 13). Finally, Defendant requested documents relating to Plaintiff's employment history including application materials, any communication from a prospective employer, and any documents obtained during employment such as job accolades or awards. (Request 20).

Defendant argues that this material is essential because it "relates to Plaintiff's qualifications for her position with HAI and other employers." (Compel Docs. at 2-5). Defendant contends that if Plaintiff was employed elsewhere at a lower salary or was not hired, then that evidence would tend to show that Plaintiff was not as highly qualified as she contends. (Compel. Docs. at 2-5). Moreover, if Plaintiff is able to establish its *prima facie* case, Defendant would need evidence to show that the wage disparity between Plaintiff and other employees was based on her qualifications; Defendant argues that evidence of Plaintiff's employment history is necessary for this purpose. (Compl. Docs. at 5).

Plaintiff's salary information after leaving HAI is not relevant to prove whether she is more or less qualified as her similarly situated male co-workers. *Irby v. Bittick*, 44 F.3d 949, 955-56 (11th Cir. 1995). Plaintiff is correct to note that this court has prohibited parties from using evidence of an employee's salary received from a prior employer as the sole justification for disparate salaries. *Id.* (Comp. Doc. Resp. at 4). Information of prior salaries can, however, be used in conjunction with

an employee's qualifications to show that the employer used another factor other than sex to set the different salaries. *Irby* at 955-56. Since evidence of a prior salary can be used in conjunction with evidence regarding an employee's qualifications, salary information is not probative of an employee's qualifications. This is especially true when inquiring into a former employees subsequent employment after leaving a company. That employee's subsequent salary does not necessarily have anything to do with his or her qualifications for the former job. For example, the employee may be overqualified for the current position or the employee may now hold a position that is wholly unrelated to job he or she performed for the previous employer. Accordingly, Plaintiff is not required to produce information regarding Plaintiff's salary and benefits received after her employment with HAI.

In regards to Defendant's requests for documents and information reflecting Plaintiff's employment history since leaving HAI, this Court finds that Defendant is not entitled to discovery. As stated above, the inquiry in this case is Plaintiff's qualifications at the time she was employed with HAI. Plaintiff's employment history after she left employment with HAI is not relevant to the present inquiry. As stated above, Plaintiff could have decided not to pursue employment in her prior field or she may be currently working in a position for which she is overqualified.

**B.    Information Regarding Plaintiff's Employment Before and During her Employment with HAI.**

Defendant requested information regarding Plaintiff's employment history before and during her employment with HAI. Defendant sought documents that relate to any income that Plaintiff received before or during her employment with HAI. (Requests 13-14). Defendant sought documents showing any benefits Plaintiffs received, other than HAI, before an during her employment with HAI. (Request 13). Defendant also requested documents relating to Plaintiff's employment

4

history including application materials, any communication from a prospective employer, and any documents obtained during employment such as job accolades or awards. (Request 20).

As stated above, although evidence of an employee's prior salary is not alone sufficient to show an employer did not discriminate against an employee, it can be used in conjunction with other evidence such as an employee's qualifications. *Irby* at 955. Thus, Defendant is entitled to discover Plaintiff's salary information prior to working for HAI. Defendant is not, however, able to discovery information for any other positions that Plaintiff may have held while working at HAI since that information does not show whether Plaintiff was less qualified than her male co-workers. (See argument above).

Plaintiff argues that information regarding Plaintiff's income should not be discoverable to the extent that Plaintiff would be required to disclose tax returns. Although there had been disagreement in this Circuit regarding the level of protection afforded for the discovery of tax records, that dispute has been resolved and only an ordinary showing of relevance is necessary. *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997); *see also U.S. v. Certain Real Properly known as and Located at 6469 Polo Pointe Way, Delray Beach, Fla.*, 44 F.Supp.2d 1258, 1262-64 (S.D. Fla. 2006). The party resisting discovery has the burden of showing that it is not relevant to the issues in the case. *Certain Real Property* at 1262. Here, for the reasons stated above, the information regarding the income Plaintiff earned before working with HAI is relevant and is therefore discoverable.

In regards to Defendant's requests for documents and information reflecting Plaintiff's employment history before her employment with HAI , this Court finds that Plaintiff must produce those documents. This evidence goes directly to Plaintiff's qualifications for the job at HAI. As stated above, discovery rules are liberal and Plaintiff had the burden to show that the evidence is

5

either not relevant or that the harm of allowing discovery outweighs the benefit of allowing the discovery to progress. Since Plaintiff was unable to make that showing, she must produce the requested documents.

**III.  Conclusion**

For the reasons set forth herein, it is hereby,

ORDERED AND ADJUDGED that:

(1)   Defendant's Motion to Compel Documents **[DE 15]** is PARTIALLY GRANTED;

(2)   Plaintiff must produce information and documents regarding employment history before working at HAI, including salary information.

(3)   Plaintiff shall serve answers and documents consistent with this order within fifteen (15) days;

(4)   Defendant's Motion to Compel Answers **[DE 18]** is DENIED.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 7 day of December, 2006.

      /s/ Kenneth L. Ryskamp
    KENNETH L. RYSKAMP
    UNITED STATES DISTRICT JUDGE

Copies provided:
Michael J. Lavery, Esq.
Peter T. Mavrick, Esq.